UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                               (973) 645-4693
  BANKRUPTCY JUDGE                                              Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**MAR 22 2006**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

March 22, 2006

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Richard J. Wynn, Esq.
127-50 Northern Boulevard
Flushing, New York 11368
***Counsel for Tully Environmental, Inc.***

Sam Della Fera, Jr., Esq.
Booker, Rabinowitz, Trenk, Lubetkin,
 Tully, DiPasquale & Webster, P.C.
100 Executive Drive
Suite 100
West Orange, New Jersey  07052
***Counsel for Nicholas J. Delzotti,***
***Chapter 7 Trustee***

Re:    **In re Unified TTJV, Inc.**
       **Case No. 05-12773 (DHS)**

Page 2
March 22, 2006

Dear Counsel:

Before the Court is a motion filed by Tully Environmental, Inc. ("Tully") styled as a "Notice of Motion to Vacate and/or Stay Order of Judge Steckroth Entered on February 21, 2006." Despite its request to vacate or stay a final order of the Court, Tully failed to submit a memorandum of law in connection with this motion on the contention that "there are no disputed questions of law involved." The motion is opposed by the Chapter 7 Trustee, Nicholas J. Delzotti. The Chapter 7 Trustee filed a letter brief in opposition to the motion, and assumed that Tully is in actuality requesting a reconsideration of the February 21, 2006, and therefore argued that Tully fails to satisfy the standard for a reconsideration motion. While the Chapter 7 Trustee's assumption is reasonable in light of Tully's failure to set forth any legal argument in support of its motion, the Court believes the motion is more appropriately characterized as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this Court by Federal Rule of Bankruptcy Procedure 9024. *See* Fed. R. Civ. P. 60(b) (West 2006); *see also* Fed. R. Bankr. P. 9024 (West 2006). For the reasons that follow, Tully's motion to vacate or stay the Order of February 21, 2006 is hereby denied.

By way of brief background, on February 21, 2006, this Court entered an Order requiring Tully to make four payments of $10,000 each to the Chapter 7 Trustee in accordance with a Stipulation and Consent Order executed between Tully and the Trustee on June 27, 2005. In the June 27, 2005 Order, Tully *agreed* to remove certain non-hazardous, bio-solid waste material from the Debtor's real property located in Phillipsburg, New Jersey. Pursuant to this stipulation agreement, Tully agreed that if it was unable to remove the material from the property by October 31, 2005, it would pay the Trustee the sum of $10,000 per month

Page 3
March 22, 2006

until the remaining material was fully removed from the property. In its motion, Tully submits that it is not in violation of the June 27, 2005 Order to pay the monthly sum of $10,000 to the Chapter 7 Trustee based upon a provision in the Order that provides that the payment by Tully is to be made "so long as Tully is the cause of the delay in the removal of the material" on the subject property. Tully contends that the cause of the delay in removing the bio-solids from the property is attributable to the extensive "red tape" in obtaining the requisite permits and approvals from the appropriate governmental agencies, as well as inaction by an unrelated bankruptcy trustee in Florida, and not due to any conduct of its own. The Chapter 7 Trustee disagrees with Tully's assessment of the situation. In contrast, the Chapter 7 Trustee states the following:

> Tully's attempt to blame its failure to remove the material on the alleged refusal of both the NJDEP and PADEP to issue the necessary permits fails to account for the fact that Tully itself had not acted in a manner that would have allowed these entities expeditiously to issue a permit. Tully knew of the need for a permit long before entering into the Stipulation. It wrongly assumed, without any representations from the Trustee, that the Trustee could transfer the necessary paperwork from the Debtor to Tully; instead, the permit was in the name of the Debtor's bankruptcy Florida affiliate, and Tully had to work with the Florida trustee to secure the permit. None of that is the fault of the NJDEP, the PADEP or the Trustee. Nor is it the fault of the Debtor's estate and its creditors, who are prejudiced each day that the Material remains in place and the Trustee is unable to sell the property.

Moreover, the Trustee further submits:

> The need to work with the NJDEP and PADEP was eminently foreseeable as of the date Tully and the Trustee entered into the Stipulation. If Tully had intended to insulate itself from liability with respect to the actions of either agency, it could and should have made this clear in the Stipulation. For example, the first sentence of Paragraph 6 states that "[i]f Tully's removal of the [m]aterial is not completed to the satisfaction of the NJDEP or other appropriate governmental agencies by October 31, 2005, Tully shall thereafter be responsible for funding, in addition to the Estate's Utilities,

Page 4
March 22, 2006

>Repairs and Payroll costs . . . all actual insurance and real estate taxes . . . ." Thus, Tully had anticipated that some or all of its removal activities would not be completed to the satisfaction of the NJDEP. Had Tully intended to separate its actions from those of the NJDEP or PADEP during the extended removal period, it should have specifically addressed those entities in the same manner that it had in the previous sentence. It did not.

In addition, the facts leading up to the February 21, 2006 Order reveal much about Tully's present motion. As accurately depicted by the Trustee, by motion filed and served on December 9, 2005, the Trustee sought to compel Tully to make the required payments under the Stipulation for the then outstanding months of November and December, 2005. A hearing was scheduled for January 3, 2006, at which counsel for the Trustee appeared. Tully did not file opposition to the motion and did not appear at the hearing. In fact, the Trustee's counsel submits that it "had received a telephone message from Tully shortly before the hearing to the effect that Tully did not intend to contest the motion and that 'the check was in the mail.'" On January 4, 2006, the Court entered an order compelling Tully to make the payments for the months of November and December, 2005.

On January 11, 2006, Tully's counsel filed a letter with the Court indicating that inclement weather prevented him from appearing at the January 3, 2006 hearing. As the Trustee correctly submits, Tully's counsel's letter to the Court did not state why he had not previously filed any opposition to the Trustee's motion. Instead, the substance of the January 11, 2006 letter indicates that Tully was in the process of receiving the necessary approvals in order to remove the material from the property. On January 19, 2006, in response to Tully's request, the Court entered an Order vacating the January 4, 2006 Order and scheduled a new hearing for February 14, 2006. Prior to the new hearing date, counsel for the Trustee supplemented

Page 5
March 22, 2006

its motion by seeking an additional $20,000 payment for the delinquent months of January and February, 2006. Once again Tully failed to file any opposition to the Trustee's motion and did not appear at the rescheduled February 14, 2006 hearing at the designated time.

With respect to the February 14, 2006 rescheduled hearing date, the Trustee states as follows:

> The Trustee's counsel and [the Deputy Attorney General representing the NJDEP], did appear on February 14[, 2006] and reminded the Court that it was the second time that Tully had failed to respond or otherwise assert a defense to the Trustee's position. Also at that hearing, after Trustee's counsel voiced his concern that Tully would make yet another application to revisit this issue, the Court stated that due consideration would be given to the fact that Tully continued to waste all parties' and the Court's time by failing to file opposition and failing to appear.

As a result of the February 14, 2006 hearing, the Court entered a second order compelling Tully to make the required payments to the Trustee pursuant to the stipulation agreement, this time in the amount of $40,000.[1]

Tully fails to satisfy the standard for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024. As provided by Rule 60(b), a court may relief a party from a final judgment, order, or proceeding only for the following six reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or

---

[1] Tully's counsel did appear in court on February 14 long after the matter had been heard, decided, and opposing counsel had left. Traffic was blamed as the reason for the late appearance. The Court allowed Tully's counsel to argue and the Court considered that argument in its February 14, 2006 Order.

Page 6
March 22, 2006

discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b) (West 2006).

Simply stated, the circumstances of the present motion do not fall into any of the six justifications for relieving a party from a judgment or order. Tully's motion is simply another attempt to reargue positions previously rejected by the Court. Moreover, the Court agrees with the Chapter 7 Trustee's assessment that Tully was or should have been aware of the need to obtain the requisite permits (and the governmental difficulty which would be encountered) and could have taken steps to insulate itself from any "red tape" delays prior to entering into the June 27, 2005 Stipulation and Consent Order.[2] Without any justifiable basis for relieving Tully from the February 21, 2006 Order, the motion to vacate or stay that Order is hereby denied.

An Order in conformance with this Opinion has been entered and a copy is attached.

Very truly yours,

**s/ Donald H. Steckroth**

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure

---

[2] In fact, during oral argument Tully's counsel mentioned Tully's experiences in obtaining governmental permits and approvals and described an unrelated situation in New York in which it took Tully over three years to obtain a permit initially thought to require thirty days.